FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 1 8 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID CHAVEZ,

    Defendant.

No. CIV-03-0456 JC/LCS
CR-02-958 JC

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's *pro se* motion to vacate, set aside, or correct sentence (CV Doc. #1; CR Doc. #36), *see* Rule 4(b) Governing Section 2255 Proceedings, and his motion for return of personal property (CV Doc. #3; CR Doc. #35), both filed April 15, 2003. Defendant claims he is innocent of the firearm charge to which he pled guilty, and, but for the ineffective assistance of his counsel, he would not have pled guilty. He also seeks return of certain personal property seized when he was arrested.

During a search of Defendant's residence a quantity of cocaine and a handgun were found under a couch cushion. Defendant was indicted on drug charges and for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i). He now contends that, according to decisions interpreting § 924(c)(1)(A)(i), the evidence would not have sustained a guilty verdict on the firearm charge at trial. Defendant's primary factual allegation is that he was not seated on the cushion where the cocaine and gun were found when agents entered the house. He further alleges that he advised an officer "that he was not sitting at the place the crack cocaine and the 9mm

Ruger were found." Defendant's attorney "performed little or no research" on this issue and, as a result, improperly recommended that Defendant enter into the plea agreement.

Defendant's legal argument is based on the Supreme Court's ruling in *Bailey v. United States*, 516 U.S. 137 (1995), which was decided under an earlier version of § 924(c)(1). In *Bailey*, the Court clarified the evidentiary standard for a conviction for use of a firearm during and in relation to a drug trafficking crime. The Court instructed that a conviction for use of a gun must be supported by evidence of the defendant's "*active employment*" of the weapon. 516 U.S. at 143 (italics in original). *Bailey* was decided in 1995; in 1998 the statute was amended to include "possession of a firearm in furtherance of a drug trafficking crime" as an additional basis for the statute's mandatory 60-month penalty. § 924(c)(1)(A). Defendant was charged in 2002 under the "possession" provision, and as a result, the narrow "use" ruling in *Bailey* does not apply to Defendant's conviction. Nonetheless, the *Bailey* "opinion and the congressional response shed considerable light on the construction and application of the new provision punishing possession." *United States v. Iiland*, 254 F.3d 1264, 1270 (10th Cir. 2001). Defendant's claims are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21(1972) (per curiam), and the Court assumes for purposes of this opinion that the motion attacks his conviction under both applicable elements--"possession" and "in furtherance of a drug trafficking crime"--in the statute. *Cf. Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (plaintiff's *pro se* characterization of his claims is not dispositive).

"To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the

2

performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). "Because [Defendant] has pled guilty, the prejudice prong of the *Strickland* standard requires [Defendant] to show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989)). The motion is reviewed under these standards and will be denied for failure to make a showing that Defendant was prejudiced.

The sum of Defendant's allegations is that he was not sitting on the specific cushion of the couch where the drugs and gun were found in his house. The initial logical flaw in Defendant's argument against his guilty plea of firearm possession is that, although the cocaine and weapon were found in the same place, he does not challenge his conviction for possession of the cocaine. He may, of course, attack the proceedings as much or as little as he sees fit, but if, as he apparently concedes, the evidence would have supported a guilty verdict for possession of the cocaine, a gun found in exactly the same place likely would support an equivalent verdict. *Cf. United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) (weapons and drugs not in same place).

Furthermore, under clear circuit precedent, Defendant's allegation does not support the relief sought.

> The evidence that loaded pistols were kept next to [Defendant's] drug distribution materials, coupled with the agent's "tools of the trade" discussion, is sufficient to support the jury's verdict that the firearms were possessed by [Defendant] "in furtherance of" the drug crime. *See United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) (reversing conviction under § 924(c)'s "in furtherance of" prong where "[t]here was no evidence that the gun and drugs were ever kept in the same place or that Mr. Iiland ever kept the gun accessible when conducting drug

3

transactions"); *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2000) (upholding conviction under § 924(c)'s "in furtherance of" prong where defendant's loaded gun "was possessed in the apartment along with a substantial amount of drugs and money"), *cert. denied*, 531 U.S. 1102 (2001).

*United States v. Sanders*, No. 00-7080, 2001 WL 1458595, at **2 (10th Cir. Nov 19, 2001). These statements by the Tenth Circuit were made before Defendant's arrest and leave no doubt that the handgun was possessed by Defendant in furtherance of a drug trafficking crime for purposes of § 924(c)(1)(A)(i). The motion does not make any showing of a reasonable probability that Defendant would have insisted on going to trial if his counsel had advised him of the applicable legal standards. *Laycock*, 880 F.2d at 1187. Defendant's motion makes no showing of prejudice and he is not entitled to relief under § 2255. Rule 4. The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. #1; CR Doc. #36) filed April 15, 2003, is DENIED;

IT IS FURTHER ORDERED that the Clerk shall forward to the United States of America a copy of Defendant's Motion For Return of Personal Property (CV Doc. #3; CR Doc. #35) and supporting papers and exhibits, if any, together with a certified copy of this Order;

IT IS FURTHER ORDERED that the United States answer Defendant's Motion For Return of Personal Property within twenty-three days of receipt of this Order.

_____
UNITED STATES DISTRICT JUDGE