IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                                     Civ. No. 03-0456 JC/LCS

**DAVID CHAVEZ,**

    **Defendant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court upon Mr. Chavez's Motion for Return of Personal Property, filed April 15, 2003 (Doc. 3) pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Defendant filed a Response on July 10, 2003 (Doc. 7). I recommend that Plaintiff's Motion is not well-taken and should be **DENIED** for lack of jurisdiction.

**I.    Proposed Findings**

In his Motion, Mr. Chavez asks to have a 1995 Kawasaki Motorcycle and gold jewelry returned to him which were seized pursuant to a State of New Mexico search warrant. These items were seized pursuant to a state warrant before the DEA's adoption of the case, were not seized by state officials acting as agents of federal authorities, were not considered evidence in the federal prosecution, and the federal government never had possession of the property.[1] Doc. 7 at 2. As the Seventh Circuit noted, Federal Rule of Crimal Procedure 41(g) "entitles a person to the return of his property that has been unlawfully seized by a *federal law enforcement officer*." *Okoro v. Callaghan*,

---

[1] Mr. Chavez's motorcycle was released to Big Joe Towing company, 2329 Fourth Street NW, Albuquerque, NM 87102, (505) 242-5115 and his jewelry is in possession of Bernalillo County Sheriff's Detective Todd Patton, (505) 837-0317, who is willing to return the jewelry to either Mr. Chavez's attorney or family member since Mr. Chavez is incarcerated. Doc. 7 at 2.

324 F.3d 488, 490 (7th Cir. 2003)(emphasis added). In the instant case, the property was not seized by or under the authority of a federal law enforcement officer. Furthermore, when the United States does not have possession of the property, "it is not the appropriate party from which to request its return," that is, the United States cannot return property it does not have. *United States of America v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997), *See also*, *United States of America v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003). In the instant matter, the United States does not have possession of Mr. Chavez's requested property. Thus, this Court has no jurisdiction under 41(g) of the Federal Rules of Criminal Procedure to return his property.[2]

**II.     Recommendation**

I recommend that Mr. Chavez's Motion for Return of Personal Property, filed April 15, 2003 (Doc. 3) be denied. Objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

    _____
    **LESLIE C. SMITH**
    **UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff should arrange to contact the parties who do have possession of his property in order to have his belongings returned.